Carmack v. State.

# ERROR—INTOXICATING LIQUORS—NEW TRIAL.

[Wood (6th) Circuit Court, April 13, 1910.]

Parker, Wildman and Kinkade, JJ.

*GEO. CARMACK V. STATE OF OHIO (Two Cases).

GEO. ROGERS V. STATE OF OHIO (Two Cases).

1. IN LIQUOR PROSECUTIONS COMPLAINT NEED NOT ALLEGE THAT CASE IS NOT ONE OF THE EXCEPTIONS.

In prosecution for violation of the county local option law making sale of intoxicating liquors unlawful, it is not necessary that the complaint allege that the alleged sale was not one of the exceptions mentioned in that statute, nor is it necessary to prove it; such matter is defense and must be established as such.

2. CONTINUANCE OF TRIAL OVER THIRTY DAYS UNDER SEC. 17 OF 98 O. L. 12 WITHIN DISCRETION OF TRIAL COURT.

In a prosecution which comes within the principles of Sec. 17 of 98 O. L. 12, Gen. Code 13243 (R. S. 4364-30zd), under the last part of said section a discretion is given the trial judge to continue the case beyond the thirtieth day, and so doing will not deprive such court of jurisdiction.

3. TO BRING SALE OF LIQUOR WITHIN EXCEPTIONS, SALE MUST BE MADE IN GOOD FAITH.

In the sale of liquor in "dry" territory to bring the transaction within the exception in the criminal statute making sale for pharmaceutical purposes lawful the sale must have been made in good faith by the seller and merely keeping a book with a statement that it is used for pharmaceutical purposes, which purchaser signs does not relieve the requirement of good faith.

[Syllabus approved by the court.]

ERROR to Wood common pleas court.

*B. F. James,* for plaintiffs in error.

*N. R. Harrington* and *William Dunipace,* prosecuting attorney, for defendant in error.

WILDMAN, J. (Orally.)

In both of these cases, similar questions are presented. The two plaintiffs in error were prosecuted for an alleged violation of the liquor law or local option law under which this

*Dismissed, *Carmack* v. *State; Rogers* v. *State,* 55 Bull. 214.

Wood County.

county has voted to make the selling of intoxicating liquors as a beverage unlawful.

Numerous objections to the judgments of conviction in the probate court have been presented both in the common pleas court to which the cases were brought upon error, and subsequently in this court.

The position is taken by these plaintiffs in error, among other contentions, that the complaint against them is insufficient in that it charges a violation of the prohibitory liquor law as applied to Wood county without stating that the defendants did not come within one of the exceptions mentioned in the statute, especially the exception that applies to the sale of liquor for pharmaceutical purposes.

The affidavits of complaint upon which the cases were tried before the probate judge were attacked both by plea in abatement and by demurrer, and this question would properly be presented by demurrer, but it has been disposed of in another case decided by this court in Lucas county in 1907, or rather in three cases presented at the same time, *viz.*: the case of *Otte* v. *State, Krupp* v. *State,* and *Noller* v. *State,* 29 O. C. C. 203 (9 N. S. 293).

Part of the syllabus that touches this particular matter is on page 204; the seventh paragraph of the syllabus reads:

"Negative averments and proof are not necessary in prosecutions for violations of a statute under provisos or exceptions not included in the definition of the offense. Hence, no proof is required of such negative averments in an affidavit for unlawfully selling intoxicating liquors in a residence district where the selling of intoxicating liquor is unlawful under the Jones district local option law;" and the principle is the same.

On page 215 of the opinion the matter is more fully discussed, but I will not stop to read it. Leave to file petitions in error in these cases was refused by the Supreme Court.

It will be noted that the holding is, that it is not incumbent upon the state, either to allege, or to prove that the sales were not made for pharmaceutical purposes. Indeed, the prin-

Carmack v. State.

ciple is well settled by authority not only in this state but else-where that where negative matters of this kind are not included in the definition of the offense and where certain persons or certain classes of cases are excepted from the operation of the act, it becomes a matter of defense for the defendant to allege and show that the transaction comes within such classes of cases, or that he is one of the persons exempted by the act.

Plaintiffs in error further contend that jurisdiction to try the cases was lost in the trial court by noncompliance with Sec. 4364-30zd, reading as follows:

"When a prosecution is commenced before a court or mag-istrate for the violation of a law prohibiting the sale of intox-icating liquors as a beverage, and the liquors seized by virtue thereof are to be used as evidence in such trial, such trial must take place in not more than thirty days."

This statute, it will be noted, is not applicable except where liquors are seized and are to be used as evidence in such trial. In the case before us the liquor had been obtained in some way and possibly the principle of the statute would apply, but the statute provides further:

"If at the time appointed for such trial, the returns have not been properly made, or for other sufficient cause, the trial is postponed to a further date, it shall not be continued more than fifteen days beyond such thirty days."

This prosecution was begun, if my memory serves me aright, upon the ninth of November, 1909, and upon the ap-plication of the defendants in the two cases, continuances were had until December fourteenth. On the fourteenth of Decem-ber additional continuances were had until the twentieth of December upon the application of the state, but the first con-tinuances were had upon the application of the defendants, as stated in the record. The cases in fact began upon the twen-tieth, forty-one days after complaint was filed—were tried, and motions for new trials were made in the absence of trial court, and the cases went to judgment upon the twenty-sixth. The statute does not provide that the length of time before

Wood County.

judgment after the beginning of the trial shall not be more than forty-five days.

We do not understand that the statute contemplates a loss of jurisdiction by the court after the trial is begun, if it is begun in proper time. No exception was taken to the adjournment upon the application of the state—at least no exception appears in the record and we are not disposed to think the court lost jurisdiction upon the facts, so far as they are disclosed by this record.

In considering whether the convictions were justified by the evidence, that which I have said about the negativing of the guilt of the defendants by showing that the sales were made for pharmaceutical purposes, applies as well to the trials as to the charges in the complaints; the burden was upon the defendants to show that the sales were made for pharmaceutical purposes so as to bring the cases within the provisions of the act which would exonerate them from criminal liability.

It is true that the names of the buyers appear upon a register or book which is required to be kept by the statute, and opposite it is the word "pharmaceutical" placed there apparently by a rubber stamp in a column where the word is placed as to other persons to whom sales were made, but there is evidence in the case bearing upon the question as to how sales were made and for what purpose, and upon this evidence it sufficiently appears, we think, to justify the magistrate in finding that there was no real intention to use the liquor so procured for pharmaceutical purposes. In fact, it is testified to by one of the witnesses at least, that he got the liquors to drink, and he does not at any place in his testimony indicate that he was buying them in fact for pharmaceutical purposes. He signs the book; the seller seems to have thought that the mere keeping of the book and putting down an ostensible purpose for which the sale was made was all that was required, that is, if they were selling for the ostensible purpose of being used for pharmaceutical purposes, then there would be no violation of the law. We think this is not contemplated by the statute; the sales must have been made in good faith for pharmaceutical

Carmack v. State.

purposes, whether or not the purchaser was acting in good faith.

We do not feel called upon to discuss the question whether the *bona fide* belief of the seller if it had existed, that he was selling for pharmaceutical purposes, would exonerate him from liability or not. We think at least that he would have no legal right to sell unless he so believed, and the evidence, we think, is such that the probate judge could very well conclude that the whole transaction was a mere idle form so far as the claim was made that the liquors were to be used for pharmaceutical purposes, and that it was simply done by the seller to evade the law. The burden being upon the defendants to show this defense—and not for the state to disprove it—we cannot say that the finding of the trial court was against the weight of the evidence.

It is claimed that a new trial should have been granted because of newly discovered evidence, upon a motion which was filed upon that ground. We think that the newly discovered evidence, as disclosed, might affect to some extent the credibility of witnesses, but it did not go directly to the issue involved in the case, and even if it had, our Supreme Court has many times laid down the rule that new trials will not be granted upon newly discovered evidence, unless the effect will be to require a different verdict from that which was rendered, and we feel that the court below would not have been justified in granting a new trial in this case upon that ground. The evidence, to be sure, if it had been in possession of the defendants and had been offered upon the trial, might have induced the probate judge to form a different conclusion, but we cannot say that it would necessarily have done so or that its legitimate effect would have been to require him to form a different conclusion, because he might still from all the circumstances have been satisfied that the defendants had violated the law and that these men should be convicted. There are some other points in the cases to which I might refer if I had time but they are not of any special importance, and it is sufficient to say that we find no error in the records such as would justify any reversal

Wood County.

of the findings and judgments of conviction, and the judgments will be affirmed.

**Parker** and **Kinkade, JJ.,** concur.

---

## CORPORATIONS—MANDAMUS—COURTS.

[Cuyahoga (8th) Circuit Court, May 9, 1910.]

Henry and Winch, JJ.

(Judge Marvin not sitting.)